Nicholas D. Myers (State Bar No. 251809)
　*nicholas@themyerslg.com*
Clifford L. White (State Bar No. 210423)
　*cliff@themyerslg.com*
**THE MYERS LAW GROUP**
4695 MacArthur Court, Suite 200
Newport Beach, California 92660
T: 949.825.5590
F: 949.861.6220
E: *litigation@themyerslg.com*

Attorneys for Plaintiff
LOCKANDLOCATE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOCKANDLOCATE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HISCOX INSURANCE COMPANY INC., an Illinois corporation; and DOES 1-25, inclusive,<br><br>Defendant. | Case No. 2:20-cv-09416<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Breach of Oral Contract;**<br>2. **Breach of Duty of Good Faith and Fair Dealing (Bad Faith);**<br>3. **Intentional Misrepresentation;**<br>4. **Negligent Misrepresentation;**<br>5. **Negligence;**<br>6. **Reformation; and**<br>7. **Violation of Business & Professions Code §17200,** *et seq*.<br><br>**-JURY TRIAL DEMANDED-** |

Plaintiff LOCKANDLOCATE, LLC, a California limited liability company, by and through its undersigned counsel, hereby complains against Defendant HISCOX INSURANCE COMPANY INC., an Illinois corporation, and, in support thereof, respectfully alleges as follows:

## THE PARTIES

1. Plaintiff LOCKANDLOCATE, LLC, ("Plaintiff"), is, and was at all relevant times, a California limited liability company, with its principal place of business located in the City of Beverly Hills, County of Los Angeles, California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant HISCOX INSURANCE COMPANY INC. (hereinafter "Hiscox" or "Defendant") is, and was at all relevant times, an Illinois corporation, with its principal place of business located at 104 S. Michigan Ave., Suite 600, Chicago, Illinois 60603.

3. Defendants Does 1 through 25, whose identities and addresses are unknown to Plaintiffs but are believed to be located outside of California, are individuals and/or entities that engaged in the unlawful activities complained of herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals/entities when such information becomes available.

4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

5. Defendants and Does 1 through 25 shall be collectively referred to in this Complaint as "Defendants" when applicable.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy exclusive of attorneys' fees and cost exceeds Seventy-Five Thousand Dollars.

7. This Court has personal jurisdiction over Defendant because it is authorized to and routinely issues insurance policies and transacts other business in California and in this district.

8. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) as: (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) Defendant conducts business in this District; (c) the unlawful acts of Defendant complained of herein have been committed within this District and have

had or will have had effect in this District; (d) the written agreement/contract as identified and described more thoroughly below was entered into by the respective parties in this District; and (f) Plaintiff, resides in this District, and has and will continue to be damaged as a result of Defendant's unlawful acts.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff provides a service that allows for its clients to track the location of commercial trucks via location data obtained from the truck drivers' cell phones with the drivers' permission allowing Plaintiff's clients to see the progress of their brokered loads and deliveries in real time.

10. In order to obtain the location data for the truck drivers, Plaintiff contracted with Location Smart, a vendor which provided Plaintiff with location tracking data that Location Smart obtained from the major cell phone service providers such as Verizon, AT&T, T-Mobile and Sprint. Plaintiff relied on the location data obtained from Location Smart to provide its services to its clients.

11. In or about June 2018, Plaintiff became concerned that if it lost access to that location data, its business would be negatively impacted, or it would perhaps be forced out of business. As a result, Plaintiff decided to seek out insurance coverage to protect it in the event of such an occurrence.

12. Plaintiff had a previous relationship with Defendant in that Plaintiff already held an errors and omissions policy from Defendant.

13. Therefore, on or about June 21, 2018, Plaintiff contacted Defendant by telephone for the purpose of inquiring about the availability of an insurance policy that would provide Plaintiff with coverage in case its business was affected by the loss of one of its vendors. Plaintiff spoke to one of Defendant's agents and asked what type of insurance it would need to cover losses in case it lost a vendor that would cause its application not to work. Defendant's agent represented to Plaintiff that it needed business interruption insurance and that such coverage was available as part of Defendant's businessowner's policy.

14. In reliance on Defendant's agent's representation and with the expectation that it would cover Plaintiff for damages caused by the loss of a vendor that would make its application inoperable, Plaintiff agreed to purchase the business interruption insurance and paid for it while on the phone with Defendant's agent. Defendant issued to Plaintiff, Businessowner's Policy No. UDC-2292139-BOP-18 (the "Policy") for the period of June 21, 2018 through June 21, 2019. A true and correct copy of the Policy is attached as **Exhibit "1."**

15. Subsequently, Plaintiff did in fact experience a loss of access to location data provided by Location Smart when Location Smart lost its ability to obtain the truck drivers' location information from Verizon and Sprint.

16. On or about October 2, 2018, Location Smart sent a letter to Plaintiff advising Plaintiff of the loss of access to this data from Sprint and that Verizon would stop offering access to the location data on December 1, 2018. A true and correct copy of the October 2, 2018 letter is attached as **Exhibit "2."**

17. This loss of data from two of the four major telecommunications carriers would cripple Plaintiff's ability to provide its location tracking services and force Plaintiff out of business.

18. Therefore, on or about October 4, 2018, based on its understanding of the insurance coverage it had purchased from Defendant, Plaintiff submitted a claim to Defendant seeking coverage for losses that would result from the loss of access to the location data.

19. After the claim was submitted, Plaintiff spoke with one of Defendant's claim analysts by telephone. During that call, Defendant advised Plaintiff that coverage for loss of business income required that the loss derive from physical damage to the property. Plaintiff told Defendant that when it purchased the Policy, Plaintiff was told that it would have coverage for this type of loss.

20. Shortly thereafter, Plaintiff met with Defendant's third party claims administrator, Engle Martin, and provided information relevant to the claim.

21. On or about October 30, 2018, Engle Martin sent a letter to Plaintiff acknowledging receipt of the claim, outlining its prior meeting with Plaintiff, and advising that it was awaiting some further documentation to complete its investigation. A true and correct copy of the October 30, 2018 letter is attached as **Exhibit "3."**

22. On or about November 29, 2018, Defendant sent a letter to Plaintiff declining coverage under the Policy due to the purported fact that the Policy did not cover loss of business income of the type claimed by Plaintiff. A true and correct copy of the November 29, 2018 letter is attached as **Exhibit "4."**

23. On or about December 1, 2018, Verizon ceased providing its location data to Location Smart, and Plaintiff was forced to shut down its business as its application ceased to function properly.

24. On or about December 12, 2018, Plaintiff submitted another claim notification to Defendant concerning the loss of location data and resultant business interruption. Plaintiff also requested a copy of a recording of its initial June 21, 2018 phone call to Defendant requesting a policy covering a loss of access to its location data.

25. On or about December 13, 2018, Defendant advised Plaintiff that it would not make its telephone recording available to Plaintiff.

26. On or about January 17, 2019, Clyde & Co., which represented Defendant with respect to Plaintiff's claims, sent a letter to Plaintiff and provided a supplemental coverage position again denying that the Policy provided coverage for Plaintiff's claim. Clyde & Co. confirmed that Plaintiff's original telephone call to Defendant seeking insurance coverage on June 21, 2018 was recorded, and that Defendant refused to provide a copy of that recording to Plaintiff. A true and correct copy of the January 17, 2019 letter is attached as **Exhibit "5."**

27. On or about February 19, 2019, Defendant sent another letter to Plaintiff. In this letter, Defendant asserted that during the June 21, 2018 telephone call between

Plaintiff and Defendant, Plaintiff asked multiple times whether it would be covered in the event that one of its vendors was prevented from operating by the federal government which would adversely impact Plaintiff's business, and that Defendant's agent indicated to Plaintiff that such coverage was available in the Policy. Defendant then confirms that the Policy sold to Plaintiff did not, in fact, provide such coverage despite its agent's promises. A true and correct copy of the February 19, 2019 letter is attached as **Exhibit "6."**

28. As a result of Defendant and its agent's misrepresentations and failure to provide the coverage Plaintiff believed it was purchasing and that Defendant and its agent had promised, Plaintiff has been damaged in that it has been refused coverage for the losses it sustained when it lost access to the location data provided by its vendor and its business was forced to shut down.

## **FIRST CAUSE OF ACTION**
## **BREACH OF ORAL CONTRACT**
### **(By Plaintiff Against All Defendants)**

29. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 28 herein as if fully set forth.

30. Plaintiff entered an oral agreement with Defendant for Defendant to provide insurance coverage in the event that Plaintiff suffered losses caused by a loss of services provided by its vendors.

31. Defendant breached its agreement with Plaintiff by refusing to provide the coverage contracted for.

32. Plaintiff has performed all obligations and satisfied all responsibilities required of it under the agreement, except those that were waived or excused by operation of law or as a result of Defendant's breach of the terms of the agreement.

33. As a direct and legal result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial, but in excess of $75,000.

/ / /

# SECOND CAUSE OF ACTION

# BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (BAD FAITH)

### (By Plaintiff Against All Defendants)

34. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 33 herein as if fully set forth.

35. At all times herein mentioned, Plaintiff had in full force and effect an oral insurance policy issued to Plaintiff, as the insured, by Defendant, as the insurer, for Defendant to provide insurance coverage in the event that Plaintiff suffered losses caused by a loss of services provided by its vendors. Implied in the policy was a covenant by the defendant that it would act in good faith and deal fairly with the insured and that it would do nothing to interfere with the rights of the insured to receive the benefits of the agreement.

36. Plaintiff, at the time Defendant represented that Plaintiff was covered in the event that Plaintiff suffered losses caused by the loss of access to the location data provided by its vendor, believed it to be true and, in reliance on it, was induced to, and did, enter into the insurance contract with Defendant. Had Plaintiff known the true facts, it would not have purchased the policy.

37. Plaintiff has performed all obligations and satisfied all responsibilities required of it under the agreement, except those that were waived or excused by operation of law or as a result of Defendant's breach of the terms of the agreement.

38. On or about October 4, 2018, based on its understanding of the insurance coverage it had purchased from Defendant, Plaintiff submitted a claim to Defendant seeking coverage for losses sustained due to business interruption stemming from the loss of services provided by its vendors.

39. At all times herein material, Defendant knew that it had agreed to provide Plaintiff with coverage for losses sustained due to loss of services provided by its vendors.

40. Notwithstanding Defendant's knowledge of its obligation and despite previously representing to Plaintiff that it was covered under those circumstances, Defendant denied that Plaintiff was covered, and failed and refused to indemnify Plaintiff for its losses.

41. As a proximate result of Defendant's breach of its duty of good faith and fair dealing, as herein alleged, Plaintiff has suffered damages in an amount to be determined at trial, but in excess of $75,000.

42. The aforementioned conduct of Defendant constituted oppression, fraud, or malice, and was an intentional misrepresentation, deceit, or concealment of material facts known to Defendant with the intention on the part of Defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
### (By Plaintiff Against All Defendants)

43. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 42 herein as if fully set forth.

44. On or about June 21, 2018, during Plaintiff's telephone call to Defendant, Defendant's agent represented orally to Plaintiff that the Policy issued to it would cover Plaintiff in the event that it suffered damage caused by the loss of services provided by its vendors. Plaintiff is informed and believes, and thereon alleges, that Defendant is in possession of a recording of this conversation.

45. In reliance on Defendant's agent's representation, Plaintiff agreed to purchase the Policy, paid the premiums associated with the Policy, and did not seek coverage from any other insurer. Plaintiff's reliance was justified because Defendant and its agent possessed superior knowledge concerning the terms of the Policy,

because Plaintiff had a prior relationship with Defendant and relied on Plaintiff to accurately disclose the coverage provided by the Policy, and because Plaintiff reasonably believed that the Policy issued contained the coverage requested by Plaintiff.

46. Plaintiff is informed and believes, and based thereon alleges, that Defendant's agent's representation was in fact false in that the Policy provided by Defendant did not cover losses sustained by Plaintiff due to a loss of services provided by its vendors.

47. Plaintiff is informed and believes, and based thereon alleges, that when Defendant's agent made these representations, it knew them to be false and made the representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiff would so act.

48. Plaintiff, at the time these representations were made and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the representations and believed them to be true.

49. Had Plaintiff known the actual facts, it would not have purchased the insurance Policy, and would have sought coverage from another source, or taken other preventative action.

50. As a proximate result of the fraudulent conduct of Defendant and its agent as herein alleged, Plaintiff has suffered damages in an amount to be determined at trial, but in excess of $75,000.

51. The aforementioned conduct of Defendant and its agent constituted oppression, fraud, or malice, and was an intentional misrepresentation, deceit, or concealment of material facts known to Defendant and its agent with the intention on the part of Defendant and its agent of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to

justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (By Plaintiff Against All Defendants)

52. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 51 herein as if fully set forth.

53. On or about June 21, 2018, during Plaintiff's telephone call to Defendant, Defendant's agent represented orally to Plaintiff that the Policy issued to it would cover Plaintiff in the event that it suffered damage caused by the loss of services provided by its vendors. Plaintiff is informed and believes, and thereon alleges, that Defendant is in possession of a recording of this conversation.

54. In reliance on Defendant's agent's representation, Plaintiff agreed to purchase the Policy, paid the premiums associated with the Policy, and did not seek coverage from any other insurer. Plaintiff's reliance was justified because Defendant and its agent possessed superior knowledge concerning the terms of the Policy, because Plaintiff had a prior relationship with Defendant and relied on Plaintiff to accurately disclose the coverage provided by the Policy, and because Plaintiff reasonably believed that the Policy issued contained the coverage requested by Plaintiff.

55. Plaintiff is informed and believes, and based thereon alleges, that Defendant's agent's representation was in fact false in that the Policy provided by Defendant did not cover loss of services provided by its vendors.

56. Plaintiff is informed and believes, and based thereon alleges, that when Defendant's agent made these representations, it knew or should have known them to be false and had no grounds for believing them to be true.

57. Plaintiff, at the time these representations were made and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the representations and believed them to be true.

58. Had Plaintiff known the actual facts, it would not have purchased the insurance Policy, and would have sought coverage from another source, or taken other preventative action.

59. As a proximate result of the fraudulent conduct of Defendant and its agent as herein alleged, Plaintiff has suffered damages in an amount to be determined at trial, but in excess of $75,000.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE
## (By Plaintiff Against All Defendants)

60. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 59 herein as if fully set forth.

61. Defendant and its agent had a duty to use reasonable care, diligence, and judgment in procuring the insurance requested by Plaintiff.

62. Defendant and its agent failed to deliver the agreed-upon coverage.

63. As a proximate result of the failure of Defendant and its agent to deliver the agreed-upon coverage as herein alleged, Plaintiff has suffered damages in an amount to be determined at trial, but in excess of $75,000.

64. The aforementioned conduct of Defendant and its agent constituted oppression, fraud, or malice, and was an intentional misrepresentation, deceit, or concealment of material facts known to Defendant and its agent with the intention on the part of Defendant and its agent of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

/ / /

/ / /

/ / /

/ / /

## SIXTH CAUSE OF ACTION
## REFORMATION
### (By Plaintiff Against All Defendants)

65. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 64 herein as if fully set forth.

66. As set forth above, Plaintiff requested, and Defendant agreed to issue an insurance policy providing coverage for business interruption caused by the loss of services provided by its vendors.

67. The above described failure of the Policy to reflect the true intent of the parties resulted from Defendant's and its agent's false representation to Plaintiff that the Policy embodied their true agreement.

68. Without knowledge of the true facts and in reliance on Defendant's and its agent's false representations, Plaintiff was deceived and misled into accepting a policy that differed materially from the prior oral understanding of the parties.

69. Plaintiff's reliance on Defendant's and its agent's false representations that the Policy conformed to the parties' intended agreement was reasonable and justified in that Defendant and its agent possessed superior knowledge concerning the terms of the Policy, Plaintiff had a prior relationship with Defendant and relied on Plaintiff to accurately disclose the coverage provided by the Policy, and Plaintiff reasonably believed that the Policy issued contained the coverage requested by Plaintiff.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA
## BUSINESS & PROFESSIONS CODE §§ 17200, et seq.
### (By Plaintiff Against All Defendants)

70. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 69 herein as if fully set forth.

71. Defendant, as alleged herein, has committed acts of unfair competition,

as defined by California Business & Professions Code § 17200, et seq. The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), including, but in no way limited to, misrepresenting the contents of its insurance policies to potential consumers including Plaintiff.

72. Plaintiff is entitled to restitution of any monies obtained by Defendant as a direct and legal result of the violations of the UCL.

73. The wrongful acts of Defendant as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff. Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained.

74. Plaintiff has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendant's wrongful conduct.

75. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further violation of Cal. Bus. & Prof. Code § 17200.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lockandlocate, LLC prays that this Court enter judgment in its favor and against Defendant as follows:

**AS TO THE FIRST CAUSE OF ACTION**

1. For general, incidental, and consequential damages in excess of the jurisdictional minimum of this Court.

**AS TO THE SECOND CAUSE OF ACTION**

1. For general, incidental, and consequential damages in excess of the jurisdictional minimum of this Court; and

2. For punitive and/or exemplary damages in an amount sufficient to punish, deter and make an example of Defendants.

**AS TO THE THIRD CAUSE OF ACTION**

1. For general, incidental, and consequential damages in excess of the jurisdictional minimum of this Court; and

2. For punitive and/or exemplary damages in an amount sufficient to punish, deter and make an example of Defendants.

**AS TO THE FOURTH CAUSE OF ACTION**

1. For general, incidental, and consequential damages in excess of the jurisdictional minimum of this Court.

**AS TO THE FIFTH CAUSE OF ACTION**

1. For general, incidental, and consequential damages in excess of the jurisdictional minimum of this Court; and

2. For punitive and/or exemplary damages in an amount sufficient to punish, deter and make an example of Defendants

**AS TO THE SIXTH CAUSE OF ACTION**

1. For reformation of the insurance policy to reflect the true intent of the parties.

**AS TO THE SEVENTH CAUSE OF ACTION**

1. That it be found that Defendant's actions herein alleged were unfair and unlawful pursuant to California Business & Professions Code § 17200, *et seq.*;

2. That it be found that Plaintiff is entitled to recover restitutionary damages from Defendant for its acts of unfair competition and unjust enrichment, and that Plaintiff further recover punitive damages under California law because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

3. That Defendant and its officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from falsely

representing the contents of its insurance policies to potential insureds.

**AS TO ALL CAUSES OF ACTION**

1. For pre- and post-judgment interest;
2. For attorney fees and costs of suit where appropriate; and
3. For such other relief as the Court may deem just and proper.

Date: October 14, 2020   Respectfully submitted,

**THE MYERS LAW GROUP**

/s/Clifford L. White
Nicholas D. Myers
Clifford L. White
Attorneys for Plaintiff
LOCKANDLOCATE, LLC

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date: October 14, 2020   Respectfully submitted,

**THE MYERS LAW GROUP**

/s/Clifford L. White
Nicholas D. Myers
Clifford L. White
Attorneys for Plaintiff
LOCKANDLOCATE, LLC