James A. Stankowski (SBN 106367)
Paul S. White (SBN 146989)
David M. Morrow (SBN 175776)
**WILSON, ELSER, MOSKOWITZ,**
**    EDELMAN & DICKER LLP**
555 S. Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 443-5100
Facsimile:  (213) 443-5101
Email:       james.stankowski@wilsonelser.com
                    paul.white@wilsonelser.com
                    david.morrow@wilsonelser.com

Attorneys for Defendant,
HISCOX INSURANCE COMPANY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCKANDLOCATE, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>   v.<br><br>HISCOX INSURANCE COMPANY, INC., an Illinois corporation; and DOES 1-25, inclusive,<br><br>       Defendant. | Case No.:   2:20-cv-09416-MCS-AGR<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT HISCOX INSURANCE COMPANY, INC. TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>[Filed concurrently with Request for Judicial Notice]<br><br>Date:              January 4, 2021<br>Time:              9:00 a.m.<br>Courtroom:    7C<br><br>Judge:             Hon. Mark C. Scarsi<br>Complaint served: October 15, 2020 |

     Defendant HISCOX INSURANCE COMPANY, INC., by and through counsel, hereby files this Notice of Motion and Motion to Dismiss, and/or Strike portions of, the Complaint ("Motion"), and supporting memorandum of points and authorities, as authorized by Federal Rules of Civil Procedure 12(b)(6) and 12(f).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE**

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

Please take notice that on January 4, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court, in the courtroom of the Honorable Mark C. Scarsi, Courtroom 7C, 7th Floor, United States District Court, 350 West 1st Street, Los Angeles, CA, 90012, Defendant Hiscox Insurance Company, Inc. ("Defendant" or "Hiscox") will and hereby does move the Court, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, for an order dismissing the Complaint of Plaintiff Lockandlocate, LLC ("Plaintiff" or "Lockandlocate") for failure to state a claim against this Defendant, thereby dismissing Hiscox from this action, or alternatively dismissing all improper portions of Plaintiff's Complaint, or alternatively striking Plaintiff's prayer for punitive damages based on an ordinary Negligence claim.

This Motion to Dismiss is brought on the ground that the allegations in the Complaint, the relevant insurance policy and correspondence attached to the Complaint as Exhibits and incorporated therein by reference, and public records of the United States government subject to judicial notice, show that:

(a)     The Complaint fails to state a claim for Breach of Contract because Hiscox performed the terms of the Policy as written, and the integration clause in the Policy precludes Plaintiff from expanding coverage beyond the written policy based on an agent's alleged representations contrary to the written contract, Hiscox provided "business interruption insurance" as allegedly promised, and to the further extent Plaintiff seeks indemnity coverage for its vendors' illegal activities, that is uninsurable;

(b)     The Complaint fails to state a claim for Breach of the Duty of Good Faith and Fair Dealing ("bad faith") because no Breach of Contract is alleged;

(c)     The Complaint fails to state claims for Intentional and Negligent Misrepresentation because Plaintiff cannot allege justifiable reliance on representations of an insurer's employees or agents which are contradicted by the express terms of the written insurance contract;

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR
STRIKE PORTIONS OF, COMPLAINT**

(d)     The Complaint fails to state claims for Negligent Misrepresentation and general Negligence because California law does not recognize negligence-based claims by policyholders against their insurers;

(e)     The Complaint fails to state claim for Reformation because Plaintiff has not alleged actionable fraud, a mutual mistake, or of a mistake of one of the parties, which the other at the time knew or suspected; and

(f)     The Complaint fails to state a claim for "violation" of Cal. *Business & Professions Code* §17200 because California law does not impose statutory liability based upon purported duties which are contradicted by the express terms of the written insurance contract, and the Complaint does not allege any predicate statutory violation.

Alternatively, Plaintiff's ordinary Negligence claim cannot support punitive damages as a matter of law.

Accordingly, Plaintiff's Complaint against Hiscox should be dismissed, or alternatively all improper portions of Plaintiff's Complaint should be dismissed, or alternatively Plaintiff's prayer for punitive damages based on an ordinary Negligence claim should be stricken.

Defendant's Motion is based on this notice, the following Memorandum of Points and Authorities, Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, the Request for Judicial Notice filed concurrently herewith, the Complaint and other records and files in this action, and such other matters as may be brought before the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1    This motion is made following the conferences of counsel pursuant to L.R. 7-3

2    which took place on November 24, 2020, November 30, 2020, and December 2, 2020,

3    and the Court's Order permitting a response to the Complaint to be filed by December

4    7, 2020 (Doc. 10 in the Court's docket).

5

6    Dated:  December 7, 2020                    WILSON, ELSER, MOSKOWITZ,
                                                 EDELMAN & DICKER LLP
7

8

9                                         By: /s/ *David M. Morrow*
                                              James A. Stankowski
10                                            Paul S. White
                                              David M. Morrow
11                                            Attorneys for Defendant
                                              HISCOX INSURANCE COMPANY,
12                                            INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR
STRIKE PORTIONS OF, COMPLAINT**

3799915v.2

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................... 1

II.  RELEVANT ALLEGATIONS IN AND EXHIBITS TO THE
     COMPLAINT .................................................................................................. 3

     A.   Plaintiff's Allegations of a Verbal Agreement to Procure Insurance
          for Lost Business Income, and Plaintiff's Claims for "Loss of Data"
          and "Loss of Services" ................................................................................ 3

     B.   Public Records Showing Congress and the Federal Communications
          Commission's Investigation of Location Smart's Illegal
          Aggregation of Customers' Location Data ................................................. 5

     C.   Plaintiff's Continued Ability to Receive Truckers' Location Data ........... 6

     D.   The Terms of the Hiscox Policy Attached to the Complaint .................... 6

III. STANDARDS FOR A MOTION TO DISMISS UNDER RULE 12(b)(6) ........ 7

     A.   Legal Standard .......................................................................................... 7

     B.   The Investigation Into the Illegal Conduct of Plaintiff's Vendor is
          Subject to Judicial Notice, and Can Be Considered By This Court
          Without Converting the Motion Into One Under Rule 56 ........................ 9

IV.  NO BREACH OF CONTRACT IS ALLEGED BECAUSE HISCOX
     PERFORMED UNDER THE POLICY AS WRITTEN, BUSINESS
     INTERRUPTION INSURANCE WAS PROCURED AS PROMISED,
     AND TO THE EXTENT PLAINTIFF FURTHER SEEKS INDEMNITY
     COVERAGE FOR ILLEGAL ACTIVITIES, THAT IS UNINSURABLE ........ 9

     A.   The Written Contract Controls, and Requires "Direct Physical Loss"
          to the Business Premises, as Enforced By the Integration Clause ........... 10

          1.   Plaintiff's Alleged Oral Contract Is Premised On Hiscox's
               Agreement to Provide "Business Interruption" Insurance,
               Which Hiscox Did                                                   12

     B.   Plaintiff's Alleged Oral Agreement to Insure the Loss of Illegally-
          Obtained Information is Not Enforceable ................................................. 13

i

C.     Plaintiff Does Not Allege a Loss of the Relevant Location Data, But Only the Loss of Its Ability to Obtain the Data Illegally .......................... 13

D.     Policy Exclusions Preclude Coverage ....................................................... 14

V.   THE CAUSE OF ACTION FOR "BAD FAITH" FAILS AS A MATTER OF LAW IN THE ABSENCE OF AN ALLEGED BREACH OF CONTRACT .................................................................................................... 15

VI.  THE NEGLIGENCE AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL AGAINST HISCOX BECAUSE CALIFORNIA LAW DOES NOT AUTHORIZE NEGLIGENCE-BASED CLAIMS AGAINST INSURERS ...................................................................................................... 16

VII.  THE MISREPRESENTATION CLAIMS FAIL BECAUSE PLAINTIFF CANNOT ALLEGE JUSTIFIABLE RELIANCE ON STATEMENTS CONTRADICTED BY THE EXPLICIT TERMS OF THE POLICY ............. 18

VIII.  THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR REFORMATION BECAUSE PLAINTIFF HAS NOT ALLEGED FRAUD, INEQUITABLE CONDUCT OR MUTUAL MISTAKE ................. 20

IX.  PLAINTIFF'S BUSINESS && PROFESSIONS CODE SECTION 17200 CLAIM FAILS TO, AND CANNOT, SPECIFY ANY "UNLAWFUL, UNFAIR, OR DECEPTIVE" CONDUCT BY HISCOX ................................. 21

X.  PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES BASED ON NEGLIGENCE ALONE IS LEGALLY IMPROPER ......................................... 22

XI.  CONCLUSION .............................................................................................. 23

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*20th Century Ins. Co. v. Stewart*
    (1998) 63 Cal.App.4th 1333.................................................................................13

*Abroms v. New York Life Ins. Co.,*
    53 Cal.App.2d 764 (1942).................................................................................20

*Adelman v. Associated Int'l Ins. Co.,*
    90 Cal.App.4th 352 (2001)...............................................................................17

*Aetna Cas. & Sur. Co. v. Richmond,*
    76 Cal.App.3d 645 (1977).............................................................................19, 20

*Ailing v. Universal Manufacturing Corp.*
    (1992) 5 Cal.App.4th 1412................................................................................12

*American Alternative Ins. Corp. v. Sup.Ct. (Aero Falcons, LLC)*
    (2006) 135 Cal.App.4th 1239............................................................................14

*American Sur. Co. of N.Y. v. Heise,*
    136 Cal.App.2d 689 (1955)..............................................................................20

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009) ....................................................................8

*Bank of the West v. Superior Court,*
    2 Cal.4th 1254 (1992)......................................................................................13

*Barnes v. Sotheby's Int'l Realty Inc.,*
    2014 Cal. Super. LEXIS 300.............................................................................17

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................................................7, 8

*Buxbaum v. Aetna Life & Cas. Co.,*
    103 Cal.App.4th 434 (2002)..............................................................................10

*California Service Station & Auto Repair Ass'n v. American Home Assurance
    Co.,*
    62 Cal.App.4th 1166 (1998)..............................................................................16

iii

*California Trust Co. v. Cohn*,
  214 Cal. 619 (1932) ............................................................................................ 20

*Carma Developers, Inc. v. Marathon Develop. Calif., Inc.*,
  2 Cal.4th 342 (1992) ........................................................................................... 11

*Cel-Tech Communications v. Los Angeles Cellular Telephone Co.*,
  20 Cal.4th 163 (1999) ......................................................................................... 22

*Century Surety Co. v. Crosby Ins.*,
  124 Cal.App.4th 116 (2004) ............................................................................... 19

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*,
  90 Cal.App.4th 335 (2001) ................................................................................. 16

*Congleton v. Nat'l Union Fire Ins. Co.*,
  189 Cal.App.3d 51 (1987) .................................................................................. 16

*Davy v. Public Nat'l Ins. Co.*,
  181 Cal.App.2d 395-6 (1960) ............................................................................. 18

*Davy v. Public Nat'l Ins. Co.*,
  181 Cal.App.2d 395-6 (1960) ............................................................................. 17

*Dorsey v. Portfolio Equities, Inc.*,
  540 F3d 333 (5th Cir. 2008) ................................................................................. 9

*E-Fab, Inc. v. Accountants, Inc. Services*,
  153 Cal.App.4th 1308 (2007) ............................................................................. 17

*Everett Assocs., Inc. v. Transcontinental Ins. Co.*,
  159 F.Supp.2d 1196 (ND Ca. 2001) ................................................................... 17

*Everett v. State Farm Gen. Ins. Co.*,
  162 Cal.App.4th 649 (2008) ............................................................................... 12

*Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*,
  185 Cal.App.3d 1149 (1986) .............................................................................. 23

*Goonewardene v. ADP, LLC*,
  5 Cal.App.5th 154 (2016) ................................................................................... 18

*Hackethal v. National Cas. Co.*,
  189 Cal.App.3d 1102 (1987) ......................................................................... 19, 20

iv

DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR
STRIKE PORTIONS OF, COMPLAINT

3799915v.2

*Hadland v. NN Investors Life Ins. Co.*,
  24 Cal.App.4th 1578 (1994).................................................................2, 19, 20

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F2d 1542 (9th Cir. 1990)..........................................................................8

*Harris v. Amgen, Inc.*,
  788 F3d 916 (9th Cir. 2015)............................................................................8

*Horsemen's Benevolent & Protective Ass'n. v. Ins. Co. of North America*,
  222 Cal.App.3d 816 (1990)...........................................................................15

*Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.*,
  115 Cal.App.4th 1145 (2004).........................................................................18

*Johnson v. Sun Realty Co.*,
  138 Cal.App. 296 (1934).................................................................................20

*Lackner v. North*,
  135 Cal.App.4th 1188 (2006).........................................................................23

*Lavie v. Procter & Gamble, Co.*,
  105 Cal.App.4th 496 (2003)............................................................................22

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001)............................................................................9

*Level 3 Communications, Inc. v. Federal Ins. Co.*,
  272 F.3d 908 (7th Cir. 2001)..........................................................................13

*Love v. Fire Ins. Exch.*,
  221 Cal.App.3d 1136 (1990)..........................................................................15

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008)........................................................................15

*Melican v. Regents of Univ. of Calif.*,
  151 Cal.App.4th 168 (2007)...........................................................................19

*Mercury Ins. Co. v. Pearson*,
  169 Cal.App.4th 1064 (2008).........................................................................12

*Mock v. Michigan Mut. Ins. Co.*,
  4 Cal.App.4th 306 (1992)...............................................................................23

v

3799915v.2

*Ostayan v. Serrano Reconveyance Co.*,
 77 Cal.App.4th 1411 (2000)................................................................19

*Pacific Coast Eng. Co. v. St. Paul Fire & Marine Ins. Co.*,
 9 Cal. App.3d 270 (1970)..........................................................1, 10

*Pascoe v. Morrison*,
 219 Cal. 54 (1933)..........................................................................20

*Petrie v. Electronic Game Card, Inc.*,
 761 F3d 959 (9th Cir. 2014).............................................................8

*Platt Electrical Supply, Inc. v. EOFF Electrical, Inc.*,
 522 F.3d 1049 (9th Cir. 2008)..........................................................18

*San Diego Housing Commission v. Industrial Indemnity Co.*,
 68 Cal.App.4th 526 (1998)...............................................................15

*Sanchez v. Lindsey Morden Claims Services, Inc.*,
 72 Cal.App.4th 249 (1999)...............................................................16

*Schneider v. Vennard*,
 183 Cal.App.3d 1340 (1986).............................................................17

*Schultz Steel Co. v. Rowan-Wilson, Inc.*,
 187 Cal.App.3d 513 (1986)...............................................................16

*Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc.*,
 78 Cal.App.4th 847 (2000)...............................................................16

*Susilo v. Wells Fargo Bank, N.A.*,
 796 F.Supp.2d 1177 (CD Cal. 2011)................................................22

*Tapley v. Lockwood Green Engineers, Inc.*
 502 F.2d 559 (8th Cir. 1974)............................................................22

*Tento Int'l v. State Farm Hiscox & Cas. Co.*,
 222 F.3d 660 (9th Cir. 2000)............................................................17

*Tomaselli v. Transamerica Ins. Co.*,
 25 Cal.App.4th 1269 (1994).............................................................23

*Tracy v. USAA Ins. Co.*,
 2012 WL 928186 (D. HI 2012)........................................................13

DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR
STRIKE PORTIONS OF, COMPLAINT

3799915v.2

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .................................................................9

*Van Ness v. Blue Cross of Calif.*,
   87 Cal.App.4th 364 (2001) ...................................................................22

*Ventura County Nat. Bank v. Macker*,
   49 Cal.App.4th 1528 (1996) .................................................................17

*Walker v. Countrywide Home Loans, Inc.*,
   98 Cal.App.4th 1158 (2002) .................................................................21

*Waller v. Truck Ins. Exch.*
   (1995) 11 Cal.4th 1 ...............................................................................15

*Ward Gen. Ins. Services, Inc. v. Employers Fire Ins. Co.*,
   114 Cal.App.4th 548 (2003) .................................................................10

*Wattenbarger v. Cincinnati Reds, Inc.*,
   28 Cal.App.4th 746 (1994) ...................................................................17

*Winters v. State Farm Fire & Cas. Co.*,
   73 F3d 224 (9th Cir. 1995) ...................................................................10

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................3, 5, 21, 22

Cal. Civil Code § 1710 ...................................................................................18

Cal. Civil Code § 2773 ...................................................................................13

Cal. Civil Code § 3399 ...................................................................................20

**Other Authorities**

5 Witkin, Cal. Proc. 5th Plead § 817 (2008)................................................20

6 Witkin, Summary of Cal. Law, Torts § 835 ..............................................17

New Appleman On Insurance Law Library Edition,
   § 28.04(3)(c) (ROA.668-69) ................................................................13

**Rules**

Fed. R. Civ. P. 10(c) ........................................................................................8

vii

---

1

Fed. R. Civ. P. 12(b)(6) ........................................................................7, 8, 9

Fed. R. Civ. P. 56 ...................................................................................9

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

3799915v.2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This is an insurance coverage action under the Businessowners Insurance policy that Defendant Hiscox Insurance Company, Inc. ("Hiscox") issued to Plaintiff (the Hiscox "Policy").

Plaintiff was in the business of tracking commercial trucks via location data obtained from the truck drivers' cell phones, which Plaintiff and its location data vendor obtained from the truckers' wireless carriers.  Congress and the Federal Communications Commission ("FCC") demanded that wireless carriers cease and desist this illegal invasion of privacy, which took place without the truckers' consent, and fined the wireless carriers hundreds of millions of dollars for such violations.  The FCC allowed tracking to continue, subject to the tracked party giving consent in accord with applicable laws.  Plaintiff appears to have been aware his business practices were in peril, purchased business income coverage from Hiscox, and now asks that this court require Hiscox to provide insurance coverage for Plaintiff's loss of business income arising from such illegal activities - notwithstanding that the FCC would allow Plaintiff's business to continue, provided Plaintiff simply obtain the consent of individuals being tracked.  Plaintiff was still allowed to gather data and track truckers, but was required to do so in compliance with applicable law.

Plaintiff's claim for coverage for losing the ability to illegally track truckers via cell phone data is not covered under the explicit terms of the Hiscox Policy as written, because it does not arise from <u>"direct physical loss" to property at Plaintiff's business premises</u>, and is also uninsurable as a matter of law.  (See Policy, attached as Exh. "1" to Complaint, Doc. 1-1, at p. 21 of 96, Section "f. Business Income.")  Coverage for "Business Income" is nearly always dependent on "direct physical loss" to the insured business property.  See, e.g., *Pac. Coast Eng. Co. v. St. Paul Fire & Marine Ins. Co.*, 9 Cal. App.3d 270, 275 (1970) (the purpose is "to indemnify the insured against losses arising from his inability to continue the normal operation . . . of his business . . .

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

consequent upon the destruction of the building, plant, or parts thereof.")

However, in the Complaint, Plaintiff alleges that an "agent" of Hiscox verbally agreed to issue a policy to cover lost business income that did not result from a "direct physical loss" to Plaintiff's business premises, but rather that results from any "loss of services" provided by Plaintiff's vendor. Therefore, Plaintiff seeks coverage for loss of business income that did not result from the required "direct physical loss" to Plaintiff's business premises, but rather from an alleged "loss of data" and "loss of services" suffered when Congress and the FCC investigated one of Plaintiff's vendors for illegal activities. (See Exhs. "4," "5," and "6" to Complaint; and Exhs. "A," "B," "C," and "D" to the Request for Judicial Notice filed concurrently herewith ["RJN"].)

Therefore, Plaintiff does not allege a claim for Breach of Contract because Hiscox's denial of coverage due to the lack of any "direct physical loss" constitutes performance of the Policy as written, and the integration clause in the Policy specifically precludes Plaintiff from attempting to expand coverage beyond the written policy terms as alleged.  Also, Hiscox provided "business interruption" insurance as allegedly promised, and to the further extent Plaintiff seeks indemnity for its vendors' illegal activities, that is uninsurable.  As Plaintiff does not allege a predicate Breach of Contract, the claim for "Bad Faith" fails as a matter of law.

Likewise, the Intentional and Negligent Misrepresentation claims are expressly prohibited under California law because coverage for "Business Income" requires "direct physical loss" under the terms of the Policy attached to the Complaint as Exh. "1," and Plaintiff cannot plead "reasonable reliance" upon alleged representations of an insurer's agent regarding coverage which are: "patently at odds with the express provisions of the written contract." *Hadland v. NN Investors Life Ins. Co.*, 24 Cal.App.4th 1578, 1589 (1994).  Thus, Plaintiff cannot allege fraud, either by negligent or intentional misrepresentations.

Negligent Misrepresentation and general Negligence are also legally unavailable against Defendant as pled, as California law does not recognize negligence claims by

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

1  policyholders against insurers.

2      Further, the Complaint fails to state a claim for Reformation because Plaintiff has

3  not alleged actionable fraud or mutual mistake, or a claim for "violation" of Cal.

4  *Business & Professions Code* §17200 because California law does not impose statutory

5  liability based upon purported duties which are contradicted by the express terms of the

6  written insurance contract.

7      Plaintiff should not be permitted to do an "end-around" these established

8  principles and California law, and create duties on Hiscox's part that the agreed-upon

9  terms of the Policy do not provide, and which California law prohibits, simply by

10 alleging that Hiscox's purported agent verbally agreed to cover an otherwise

11 uninsurable loss.

12 **II.    RELEVANT ALLEGATIONS IN AND EXHIBITS TO THE**

13 **COMPLAINT**

14     **A.    Plaintiff's Allegations of a Verbal Agreement to Procure Insurance for**

15 **Lost Business Income, and Plaintiff's Claims for "Loss of Data" and**

16 **"Loss of Services"**

17     In the Complaint, Plaintiff alleges that it "provides a service that allows for its

18 clients to track the location of commercial trucks via location data obtained from the

19 truck drivers' cell phones[.]" (Complaint, Doc. 1, at Para. 9.) Plaintiff alleges that, in

20 order to allow its clients to track the location of trucks via the truck drivers' cell phones,

21 "Plaintiff contracted with Location Smart, a vendor which provided Plaintiff with

22 location tracking data that Location Smart obtained from the major cell phone service

23 providers such as Verizon, AT&T, T-Mobile and Sprint." (Complaint, Doc. 1, at Para.

24 10.)

25     Concerned about losing "access to that location data" from its vendor, Location

26 Smart (Complaint, Para. 11), Plaintiff alleges that it contacted Defendant "by

27 telephone" to inquire about "an insurance policy that would provide Plaintiff with

28 coverage in case its business was affected by the loss of one of its vendors." (Complaint,

Para. 13.) In response, Plaintiff alleges "Defendant's agent represented to Plaintiff that it needed business interruption insurance and that such coverage was available . . ." (Complaint, Para. 13.)

Plaintiff alleges that it purchased the Hiscox Policy in reliance upon the verbal representation of coverage by Hiscox's alleged "agent," as follows:

> In reliance on Defendant's agent's representation . . . that it would cover Plaintiff for damages caused by the loss of a vendor . . . , Plaintiff agreed to purchase the business interruption insurance . . . Defendant issued to Plaintiff, Businessowner's Policy No. UDC-2292139-BOP-18 . . . A true and correct copy of the Policy is attached as **Exhibit "1."**     (Complaint, Para. 14.)

Plaintiff alleges that subsequently "Plaintiff did in fact experience a loss of access to location data provided by Location Smart when Location Smart lost its ability to obtain the truck drivers' location information from Verizon and Sprint." (Complaint, Para. 15.)

Plaintiff alleges that it thereafter submitted claims to Hiscox on October 4, 2018 and December 12, 2018 seeking coverage for business interruption resulting from the "loss of access to the location data" and "loss of location data." (Complaint, Paras. 18, 24.)  Plaintiff alleges that Hiscox declined coverage for the claims, explaining "that coverage for loss of business income required that the loss derive from physical damage to the [insured business] property." (Complaint, Para. 19.)

In summary, Plaintiff alleges that:

> "As a result of Defendant and its agent's misrepresentations . . . , Plaintiff has been damaged in that it has been refused coverage for the losses it sustained when it lost access to the location data provided by its vendor..." (Complaint, Para. 28.)

Based on the above-referenced allegations, and the Exhibits to the Complaint, the Complaint purports to state causes of action against Hiscox for Breach of Oral

4

3799915v.2

Contract for insurance, Breach of Duty of Good Faith and Fair Dealing ("Bad Faith"), Intentional and Negligent Misrepresentation, general Negligence, Reformation, and Violation of Cal. *Bus. &Prof. Code* §17200, et seq.

Each cause of action against Hiscox is based upon Plaintiff suffering the "loss of location data" or "loss of services" from Plaintiff's vendor.  (Complaint, Paras. 30 [Breach of Oral Contract], 35 and 36 [Bad Faith], 44 [Intentional Misrepresentation], 53 [Negligent Misrepresentation], 62 [Negligence], 65 and 66 [Reformation], and 70 and 71 [Violation of *Bus. &Prof. Code* §17200, et seq.].)

**B.** **Public Records Showing Congress and the Federal Communications Commission's Investigation of Location Smart's Illegal Aggregation of Customers' Location Data**

On May 8, 2018, United States Senator Hon. Ron Wyden (OR) sent a public letter to the Chairman of the Federal Communications Commission ("FCC") requesting that the FCC investigate the "abusive and potentially unlawful practices" of wireless carriers involving the unauthorized tracking of Americans' cell phones' locations by Securus Technologies, in violation of Federal law and without the consent of the cell phone users.  (RJN, Exh. "A.")

On June 15, 2018, Verizon's Chief Privacy Officer sent a public letter to Senator Wyden agreeing to stop selling its customers' location data to "location aggregator" Location Smart, Plaintiff's vendor, which had sold the location data for use and disclosure without customers' consent.  (RJN, Exh. "B.")

On June 19, 2018, Senator Wyden issued a press release announcing that Verizon had agreed to stop selling it customers' location data without customer permission to Location Smart, Plaintiff's vendor, which sold the location data to Securus Technologies.  (RJN, Exh. "C.")

Following its investigation, on February 28, 2020, the FCC announced over $200,000,000 in proposed fines against wireless carriers, including Verizon and AT&T, for disclosing their customers' location data without the customers' consent, and selling

access to that information to "location aggregators," which sold it to companies like Securus Technologies. (RJN, Exh. "D.")  The FCC concluded that the use and sales of that location data "violated the law," constituted "unauthorized access" to customers' information, and violated the Communications Act and FCC rules requiring "phone companies to protect their customers' personal information". (RJN, Exh. "D.")

### C.   Plaintiff's Continued Ability to Receive Truckers' Location Data

On October 2, 2018, Plaintiff's vendor for truckers' location data, Location Smart, sent a letter to Plaintiff advising Plaintiff that, after December 1, 2018, Plaintiff would need to obtain permission from Verizon's cell phone users' in order to continue to receive their "location data", stating that Plaintiff would need "to incorporate SMS-based [subscriber] consent into your service by the end of November."  (See Exh. "2" to Complaint.)

### D.   The Terms of the Hiscox Policy Attached to the Complaint

Under "Section I – Property," part "A. Coverage," the Hiscox Policy provides that Hiscox will pay for "direct physical loss" of or damage to covered property at Plaintiff's business "Premises" described in the policy Declarations, caused by a covered Cause of Loss.  (See Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 17 of 96, part "A. Coverage.")   The business Premises identified in the Declarations is: 9461 Charleville Boulevard, #240, Beverly Hills, California 90212 (the "Premises"). (Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 13 of 96.)

Under part "1. Covered Property," the Policy provides, in pertinent part, that Covered Property includes Business Personal Property located in or on the buildings at the Premises, including property that Lockandlocate owns and uses in its business. (Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 17 of 96.)

Under part "5. Additional Coverages" of the Policy, part "f. Business Income," Hiscox agreed to pay for the actual loss of Business Income that Lockandlocate sustains due to suspension of its "operations" caused by *"direct physical loss" of or damage to property* at the Premises, as follows:

**(1)   Business Income**

>   **(a)**   We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". *The suspension must be caused by direct physical loss of or damage to property at the described premises.* The loss or damage must be caused by or result from a Covered Cause of Loss.

(Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 21 of 96.  Emphasis added.)

Under part "B. Exclusions," section 3, the Policy provides:

>   **3.**   We will not pay for loss or damage caused by or resulting from any of the following

>>   **b.**   **Acts Or Decisions**
>>   Acts or decisions, including the failure to act or decide, of any . . . group, organization or governmental body.

(Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 35 of 96.)

In "Section III – Common Policy Conditions," the Hiscox Policy contains the following integration clause precluding any statements or representations extrinsic to the written contract from changing the Policy's coverage:

**B.   Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. . . . This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

(Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 63 of 96.)

## III.   STANDARDS FOR A MOTION TO DISMISS UNDER RULE 12(b)(6)

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss Plaintiff's Complaint when Plaintiff fails to state a claim upon which relief may be granted.   A complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell*

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).   In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, supra, 550 U.S. 544, at 570.  To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Although, in evaluating the sufficiency of a complaint, courts must accept all well-pleaded factual allegations as true, legal conclusions are *not* entitled to the assumption of truth.  *Id.* at 678.   Under FRCP 12(b)(6), a court should disregard conclusory allegations made without supporting factual averments.  The court is not bound to accept the Complaint's legal conclusions and opinions, whether or not they are couched as facts.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

Exhibits attached to the complaint are considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. (See FRCP 10(c) . - copy of "written instrument" attached as exhibit to pleading is part of pleading for all purposes; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F2d 1542, 1555 (9th Cir. 1990); *Petrie v. Electronic Game Card, Inc.*, 761 F3d 959, 964, fn. 6 (9th Cir. 2014). Thus, documents attached to the complaint are treated as part of the complaint when ruling on a Rule 12(b)(6)  motion.  (*Harris v. Amgen, Inc.*, 788 F3d 916, 934 (9th Cir.

8

2015); *Dorsey v. Portfolio Equities, Inc.*, 540 F3d 333, 338 (5th Cir. 2008).)

**B.   The Investigation Into the Illegal Conduct of Plaintiff's Vendor is Subject to Judicial Notice, and Can Be Considered By This Court Without Converting the Motion Into One Under Rule 56**

Although a court's review on a motion to dismiss under Rule 12(b)(6) is generally limited to the allegations in or attachments to the complaint, courts may also take judicial notice of material outside of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (courts may take judicial notice of matters of public record).

Under this rule, "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—<u>without converting the motion</u>" into one for summary judgment under <u>Rule 56</u>. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (Emphasis added). Therefore, the investigation by the United States Senate and the FCC, the contents of which are reflected in public documents, alleged in the FAC, and the authenticity of which is not subject to reasonable dispute, can be considered by this Court.

In addition, Plaintiff attached to the Complaint as Exhibit 2 the letter describing the violations, and advising that the activity would cease unless Plaintiff had permission from the cell phone users to track their location. (Exh. "2" to Complaint.) Consequently, the exhibit is incorporated into the Complaint, and Hiscox seeks judicial notice of the documents reflecting the conduct identified in Exhibit 2.

**IV.   NO BREACH OF CONTRACT IS ALLEGED BECAUSE HISCOX PERFORMED UNDER THE POLICY AS WRITTEN, BUSINESS INTERRUPTION INSURANCE WAS PROCURED AS PROMISED, AND TO THE EXTENT PLAINTIFF FURTHER SEEKS INDEMNITY COVERAGE FOR ILLEGAL ACTIVITIES, THAT IS UNINSURABLE**

The Complaint does not allege that Hiscox breached the Policy because Hiscox

9

performed the terms of the Policy as written, and the integration clause in the Policy precludes Plaintiff from expanding coverage based on an alleged verbal representation of coverage different than the Policy provides.  Additionally, the Complaint alleges an oral contract to procure "business interruption" insurance, which was done.  To the extent Plaintiff is further seeking coverage for the loss of information which was illegally obtained, that is uninsurable.

A.    **The Written Contract Controls, and Requires "Direct Physical Loss" to the Business Premises, as Enforced By the Integration Clause**

First, the Complaint does not allege that Hiscox breached the Policy because the allegations show that Hiscox performed the terms of the Policy as written.  The basic principle of "business interruption" insurance is to cover lost business income resulting from a "direct physical loss" to the business premises.  See, e.g., *Pacific Coast Eng. Co. v. St. Paul Fire & Marine Ins. Co*., 9 Cal. App.3d 270, 275 (1970) (the purpose is "to indemnify the insured against losses arising from his inability to continue the normal operation . . . of his business . . . consequent upon the destruction of the building, plant, or parts thereof"); *Buxbaum v. Aetna Life & Cas. Co*., 103 Cal.App.4th 434, 440 (2002) ("[b]usiness interruption coverage operates to compensate the insured for losses stemming from the business interruption . . . during the period of repair or restoration of property damaged or destroyed"); *Winters v. State Farm Fire & Cas. Co*., 73 F3d 224, 225 (9th Cir. 1995) (applying Calif. law) (loss of business property took place, but did not create covered "business interruption" loss because there was no "suspension of operations"); *Ward Gen. Ins. Services, Inc. v. Employers Fire Ins. Co*., 114 Cal.App.4th 548, 556-557 (2003) (loss of computer data is not damage to tangible property and thus, no business interruption coverage arises).  Likewise, here the Hiscox Policy explicitly provides that Hiscox will pay for lost Business Income that Lockandlocate sustains due to suspension of its operations "caused by direct physical loss of or damage to property at the described premises."  (Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 21 of 96.)

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

1    Yet, Plaintiff's loss of the ability to track truckers via their cell phones without

2    their permission is not a "direct physical loss" to any property at the covered business

3    Premises at 9461 Charleville Boulevard, #240, Beverly Hills, California 90212. (See

4    Complaint, Paras. 30, 35, 36, 44, 53, 62, 65, 66.)

5    Therefore, Hiscox only provides coverage for business interruption due to "direct

6    physical loss" to Plaintiff's business Premises, and there can be no breach arising from

7    Hiscox's declining coverage for business interruption when no "direct physical loss" to

8    the business Premises took place: "if defendants were given the right to do what they

9    did by the express provisions of the contract there can be no breach." *Carma*

10   *Developers, Inc. v. Marathon Develop. Calif., Inc.,* 2 Cal.4th 342, 374 (1992). The

11   allegations on the face of the Complaint, along with the terms of the attached Hiscox

12   policy and exhibits, show that Hiscox performed the terms of the Policy as written.

13   And although Plaintiff alleges it was promised "business interruption" coverage

14   for income lost due to Plaintiff's "loss of information" from Location Smart, regardless

15   of whether "direct physical loss" took place, the integration clause in the Policy

16   precludes Plaintiff from expanding coverage beyond the written terms of the Policy

17   itself, including based on alleged representations of coverage that differ from that in the

18   written policy. The Policy's integration clause provides that the Policy itself contains

19   the exclusive terms of coverage, as follows: "This policy contains all the agreements

20   between you and us concerning the insurance afforded" and "This policy's terms can be

21   amended or waived only by endorsement issued by us and made a part of this policy."

22   (Policy, Exh. "1" to Complaint, Doc. 1-1, at p. 63 of 96.) Where a policy contains such

23   a provision, the insurer cannot be deemed to have authorized or ratified, and therefore

24   cannot be bound by, an agent's representations of coverage that differ from the policy's

25   terms *as a matter of law*:

26         Everett's policy included an integration clause that provided the policy

27         "contains all of the agreements between you and us and any of our agents."

28         . . . Also, the policy stated that any "waiver or change of any provision of

11

1    [the] policy must be in writing by [State Farm] to be valid." . . .

2    <u>Accordingly, no alleged oral representation could have been effective to</u>

3    <u>change the terms of the fully integrated policy</u>.

4  *Everett v. State Farm Gen. Ins. Co.,* 162 Cal.App.4th 649, 662-663 (2008) (integration

5  clause prevents any oral representation from changing the written terms of the policy)

6  (emphasis added).  See also *Mercury Ins. Co. v.* Pearson, 169 Cal.App.4th 1064, 1073

7  (2008) (a policy's integration clause providing "the named insured agrees that . . . this

8  policy embodies all agreements existing between himself and the company or any of its

9  agents relating to this insurance" precluded the insurance agent's "negligent

10 misrepresentations" of different coverage from binding the insurer "as a matter of law");

11 *Ailing v. Universal Manufacturing Corp.* (1992) 5 Cal.App.4th 1412, 1433-1434 (an

12 oral agreement that predates an integrated written agreement is merged into the written

13 agreement).  Therefore, the integration clause in the Hiscox Policy precludes Plaintiff

14 from expanding or changing coverage for "business interruption" beyond the written

15 terms of the Policy based on an alleged verbal representations.

16       **1.    Plaintiff's Alleged Oral Contract Is Premised On Hiscox's**

17            **Agreement to Provide "Business Interruption" Insurance,**

18            **Which Hiscox Did**

19       Additionally, in its most basic terms, the Complaint alleges that Hiscox entered

20 into an oral contract to procure "business interruption" insurance: "Defendant's agent

21 represented to Plaintiff that it needed business interruption insurance and that such

22 coverage was available as part of Defendant's businessowner's policy."  (Complaint,

23 Para. 13.)  Thus, as Hiscox fulfilled the terms of that alleged oral agreement by issuing

24 Plaintiff Policy No. UDC-2292139-BOP-18, including "business interruption"

25 insurance, the Complaint does not allege that Hiscox breached the verbal agreement or

26 the Policy. (Exh. "1" to Complaint, Doc 1-1, at pp. 21-22 of 96.)

27 / / /

28 / / /

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR
STRIKE PORTIONS OF, COMPLAINT**

3799915v.2

**B.**    **Plaintiff's Alleged Oral Agreement to Insure the Loss of Illegally-Obtained Information is Not Enforceable**

To the extent Plaintiff is seeking indemnification for the loss of information that was illegally obtained, that is uninsurable.  It is "a black-letter concept of insurance law that insurance does not include the restoration of an ill-gotten gain." 4-28 New Appleman On Insurance Law Library Edition, § 28.04(3)(c) (ROA.668-69).   "An agreement to indemnify a person against an act . . . is void, if the act be known by such person at the time of doing it to be unlawful."  Cal. *Civil Code* § 2773; see *20th Century Ins. Co. v. Stewart* (1998) 63 Cal.App.4th 1333, 1340 (criminal acts exclusion in policy may restrict coverage beyond limitations set forth in *Civil Code* § 2773).  Courts refuse to find coverage for the loss of ill-gotten gains.  See *Level 3 Communications, Inc. v. Federal Ins. Co.*, 272 F.3d 908 (7th Cir. 2001) ("a loss within the meaning of an insurance contract does not include the restoration of an ill-gotten gain. . ."); *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1266 (1992) ("It is well established that one may not insure against the risk of being ordered to return . . . property that has been wrongfully acquired"); *Tracy v. USAA Ins. Co.*, 2012 WL 928186 (D. HI 2012) (insurer had no duty to indemnify insurer for property that insured possessed in violation of federal law).

In this case, the FCC found that the obtaining and use of the location data Plaintiff lost "violated the law," and violated the Communications Act and FCC rules.  (RJN, Exh. "D.")  Therefore, Plaintiff's loss of that illegal data is uninsurable.

**C.**    **Plaintiff Does Not Allege a Loss of the Relevant Location Data, But Only the Loss of Its Ability to Obtain the Data Illegally**

Moreover, even if the "business interruption" coverage applied to cover income lost due to the Plaintiff's loss of Location Smart's illegally-obtained information, the pleadings do not reflect that Plaintiff suffered a loss of the information provided by Location Smart.  Rather, Exhibit "2" to the Complaint demonstrates that, following a change in Location Smart's policies, Plaintiff would still be able to access the location

13

date provided by Location Smart as long as Plaintiff obtains permission from Verizon's cell phone users first.  (See Exh. "2" to Complaint.)  Thus, the pleadings do not reflect that Plaintiff suffered a loss of the location data.

### D.   Policy Exclusions Preclude Coverage

Even if the "business interruption" coverage applied to cover a "loss of information," regardless of whether any "direct physical loss" took place, Plaintiff's alleged loss would still be excluded under the terms of the Policy.  The Hiscox Policy provides that Hiscox will not pay for "loss or damage caused by or resulting from":  any of the following

### b.   Acts Or Decisions

Acts or decisions, including the failure to act or decide, of any . . . group, organization or governmental body.

The terms of this exclusion barring coverage for loss or damage "caused by . . . Acts or decisions . . . of any . . . governmental body" has been interpreted according to its plain meaning.  See *American Alternative Ins. Corp. v. Sup.Ct. (Aero Falcons, LLC)* (2006) 135 Cal.App.4th 1239, 1243 (exclusion that precluded coverage for any claim "caused by . . . the order of any Government . . . or public or local authority" held to refer to a governmental seizure of property).  In this case, the United States government, through Congress and the FCC, decided to investigate the illegal use of the location data, leading to the loss of access to the location data.  (RJN, Exhs. "A," "B", "C," and "D.")

Therefore, no breach of the Policy is alleged because Hiscox performed the terms of the Policy as written, the Policy precludes Plaintiff from expanding coverage beyond the written contract, and coverage for the loss of illegally obtained information is uninsurable.

/ / /

/ / /

/ / /

/ / /

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

## V. THE CAUSE OF ACTION FOR "BAD FAITH" FAILS AS A MATTER OF LAW IN THE ABSENCE OF AN ALLEGED BREACH OF CONTRACT

The Complaint does not allege that Hiscox breached the policy, and therefore "bad faith" has not been alleged on two separate grounds.

First, absent a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing ("bad faith").  See *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1034 (9th Cir. 2008).  "Where a breach of contract cannot be shown, there is no basis for a finding of breach of the covenant." *San Diego Housing Commission v. Industrial Indemnity Co.,* 68 Cal.App.4th 526, 544 (1998);  *Waller v. Truck Ins. Exch.* (1995) 11 Cal.4th 1, 36 ("It is clear that if there is no potential for coverage and, hence no duty . . . under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing. . ."); *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1153 (1990).  Therefore, "the absence of coverage under the . . . policy conclusively negates [plaintiff's] causes of action for bad faith breach of contract as no duty . . . existed here."  *Horsemen's Benevolent & Protective Ass'n. v. Ins. Co. of North America*, 222 Cal.App.3d 816, 822 (1990).  For the reasons set forth above, Hiscox no duty to indemnify Plaintiff under the "business interruption" coverage in connection with the loss of Location Smart's illegally-obtained location data, and the absence of a breach of contract precludes bad faith as a matter of law.

In addition, even if the Court finds that triable facts exist as to whether Hiscox had a duty to indemnify Plaintiff in connection with the loss of location data, Hiscox's denial of coverage is not sufficient to establish bad faith.  "[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause."  *Love*, 221 Cal.App.3d at 1151. "[B]reach of the implied covenant of good faith and fair dealing involves something

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

3799915v.2

1   beyond breach of the contractual duty itself," and requires actual "unfair dealing"
2   rather than "mistaken judgment." *Congleton v. Nat'l Union Fire Ins. Co.*, 189
3   Cal.App.3d 51, 59 (1987); *Shade Foods, Inc. v. Innovative Prods. Sales & Marketing,*
4   *Inc.*, 78 Cal.App.4th 847, 881 (2000) (a successful bad faith claim requires not simply
5   a failure to defend, but an insurer's "unreasonable" behavior).  If there was a genuine
6   legal or factual dispute as to coverage, then Plaintiff's cause of action for bad faith
7   must fail on that basis as well.  *Chateau Chamberay Homeowners Ass'n v. Associated*
8   *Int'l Ins. Co.*, 90 Cal.App.4th 335, 347-348 (2001).  Here, Hiscox's alleged conclusion
9   that there was no "business interruption" coverage available to Plaintiff was reasonable
10  as a matter of law, as no "direct physical loss" to the insured Premises took place, and
11  sums resulting from the loss of illegally-obtained location data cannot be indemnified.
12  In addition, the alleged "business interruption" loss resulted from actions of Congress
13  and the FCC, and thus coverage is also precluded by the Acts Or Decisions exclusion.
14  (RJN, Exhs. "A," "B", "C," and "D.")  As a result, no unreasonable conduct, and thus
15  no "bad faith," is alleged in the Complaint.

## VI.   THE NEGLIGENCE AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL AGAINST HISCOX BECAUSE CALIFORNIA LAW DOES NOT AUTHORIZE NEGLIGENCE-BASED CLAIMS AGAINST INSURERS

20   California law does not authorize negligence causes of action by insureds as
21  against their insurers:

22        "Indeed, negligence is not among the theories of recovery generally
23        available against *insurers* . . ."

24  *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 254 (1999)
25  (Emphasis in original); *Schultz Steel Co. v. Rowan-Wilson, Inc.*, 187 Cal.App.3d 513
26  (1986) (no negligence action against insurer for setting inadequate limits); *California*
27  *Service Station & Auto Repair Ass'n v. American Home Assurance Co.*, 62 Cal.App.4th
28  1166, 1173 (1998) (no negligence action against insurer based on premium pricing);

16

3799915v.2

*Everett Assocs., Inc. v. Transcontinental Ins. Co.*, 159 F.Supp.2d 1196, 1204 (ND Ca. 2001) (applying Calif. law – insurer's claim investigation could not give rise to negligence cause of action); *Adelman v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 352, 369-370 (2001) (claims handling does not give rise to negligence cause of action).

To establish a cause of action for negligence, Plaintiff must prove defendant owed it a duty of care. *Wattenbarger v. Cincinnati Reds, Inc.*, 28 Cal.App.4th 746, 751 (1994). However, an insurer's duty "is not commensurate with the duty to exercise the care of an ordinary prudent person under the same circumstances . . . In this state, the liability of an insurer to an insured . . . arises only from a breach of [contract or] the covenant to exercise good faith and not from a failure to exercise due care." *Davy v. Public Nat'l Ins. Co.*, 181 Cal.App.2d 395-6 (1960).

Accordingly, California law does not recognize negligence claims against insurers because general tort principles do not apply to create a duty:

> "Plaintiffs urge the Court to rely on fundamental tort principles to recognize its negligence claim. The Court finds doing so would be an expansion unwarranted by California case law and declines to do so."

*Everett Assocs., Inc. v. Transcontinental Ins. Co.*, 159 F.Supp.2d 1196, 1204 (N.D. Cal. 2001). See also *Tento Int'l v. State Farm Hiscox & Cas. Co.*, 222 F.3d 660, 664 (9th Cir. 2000) (Ca. law) (a negligence claim against an insurer is of "unlikely viability" under California law).

Likewise, negligent misrepresentation cannot be stated against an insurer because negligent misrepresentation is based on and requires negligence. See *Ventura County Nat. Bank v. Macker*, 49 Cal.App.4th 1528, 1531 (1996) ("the essence of this cause of action [negligent misrepresentation] is negligence"); *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1317 (2007), citing *Ventura County Nat. Bank v. Macker*, supra, 49 Cal.App.4th at 1531; *Schneider v. Vennard,* 183 Cal.App.3d 1340, 1348 (1986) ("negligent misrepresentation requires . . . a showing of negligence"); *Barnes v. Sotheby's Int'l Realty Inc.*, 2014 Cal. Super. LEXIS 300, *9 (negligent

17

misrepresentation is "born of the union of negligence and fraud" but "more closely resembles" negligence); *Platt Electrical Supply, Inc. v. EOFF Electrical, Inc*., 522 F.3d 1049, 1056 (9th Cir. 2008) (applying Ca. law).

As with negligence, negligent misrepresentation requires that the defendant had, and breached, a duty to exercise reasonable care, which is not imposed on insurers under California law.  (6 Witkin, Summary of Cal. Law, Torts, § 835, p. 52.)  *Davy v. Public Nat'l Ins. Co.*, supra, 181 Cal.App.2d 395-6 (1960) (an insurer has no "duty to exercise the care of an ordinary prudent person").  Plaintiff's Negligent Misrepresentation claim specifically alleges that, when Hiscox's alleged agent made the purported misrepresentations regarding coverage, Hiscox "*should have known* them to be false," thereby basing the claim on Hiscox's duty of care to exercise reasonable diligence – a duty insurers do not have under California law.  See *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc*., 115 Cal.App.4th 1145, 1155 (2004) (finding a negligent misrepresentation claim against an insurer is based on negligence when the insurer allegedly made misrepresentations "without exercising reasonable diligence" to ascertain the truth).

Therefore, Plaintiff's general negligence and negligent misrepresentation claims are not authorized as a matter of California law against Plaintiff's alleged insurer, Hiscox, and those claims should be dismissed without leave to amend.

## VII.   THE MISREPRESENTATION CLAIMS FAIL BECAUSE PLAINTIFF CANNOT ALLEGE JUSTIFIABLE RELIANCE ON STATEMENTS CONTRADICTED BY THE EXPLICIT TERMS OF THE POLICY

To prevail upon its claims for Negligent and Intentional Misrepresentation, Plaintiff must allege: reasonable, or justifiable, reliance upon the truth of Hiscox's representations.  BAJI No. 12.31; Civil Code §1710; *Goonewardene v. ADP, LLC,* 5 Cal.App.5th 154, 178 (2016), rev'd on other grounds 6 Cal.5th 817 ("plaintiff must allege with sufficient particularity that he or she actually relied on the misrepresentation, as well as that such reliance was justifiable"); *Century Surety Co. v. Crosby Ins*., 124

18

Cal.App.4th 116, 129 (2004) (plaintiff must plead "reasonable reliance on the statement" of material fact); *Melican v. Regents of Univ. of Calif.*, 151 Cal.App.4th 168, 182 (2007).  See also 5 Witkin, Cal. Proc. 5th Plead § 727 (2008).

But Plaintiff cannot allege justifiable reliance here due to the terms of the Hiscox policy that Plaintiff attached as Exh. "1" to the Complaint.  Plaintiff bases its causes of action for misrepresentation upon the allegation that Hiscox's agent misrepresented coverage for "business interruption", promising coverage for income lost due to Plaintiff's "loss of information" from Location Smart, regardless of whether any "direct physical loss" takes place.  (Complaint, ¶ 13.)

However, Plaintiff cannot allege that it reasonably relied upon a representation that the Hiscox policy would cover "business interruption" in the absence of physical loss because the "business interruption" coverage in the Hiscox policy explicitly requires "direct physical loss" to the business Premises as a predicate to coverage. (See Exh. "1" to Complaint, Doc 1-1, at p. 21 of 96.)

As a matter of law, for purposes of fraud, an insured cannot rely upon the representations of an insurer's employees or agents which are: "patently at odds with the express provisions of the written contract."  *Hadland v. NN Investors Life Ins. Co.*, 24 Cal.App.4th 1578, 1589 (1994).  Insureds are bound by clear and conspicuous limitations in the policy, despite an insurer's employees' representations to the contrary.  (*Id*. at 1586.) See also *Aetna Cas. & Sur. Co. v. Richmond*, 76 Cal.App.3d 645, 652 (1977) (it is "a general rule that the receipt of the policy binds the insured as well as the insurer and he cannot thereafter complaint that he did not. . .know its terms"); *Hackethal v. National Cas. Co.,* 189 Cal.App.3d 1102, 1106 (1987) (No fraud where printed materials that agent gave insured clearly contradicted agent's representations regarding coverage); *Ostayan v. Serrano Reconveyance Co.*, 77 Cal.App.4th 1411, 1419 (2000).

Accordingly, Plaintiff cannot plead reasonable reliance on alleged representations regarding of coverage which are contradicted by the policy's terms, and the Fourth and Fifth causes of action for misrepresentation should be dismissed without

19

1  leave to amend.

2  **VIII.**  **THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR**

3  **REFORMATION BECAUSE PLAINTIFF HAS NOT ALLEGED**

4  **FRAUD, INEQUITABLE CONDUCT OR MUTUAL MISTAKE**

5  To state a claim for reformation, Plaintiff must allege "by reason of fraud. . . , or

6  of the mutual mistake of the parties or of a mistake of one of them, which the other at

7  the time knew or suspected, there were omitted from the instrument certain material

8  terms and conditions." *Pascoe v. Morrison*, 219 Cal. 54, 56 (1933); *American Sur. Co.*

9  *of N.Y. v. Heise,* 136 Cal.App.2d 689, 695-696 (1955). S*ee also* Cal. *Civil Code* § 3399

10  (reformation of contracts).

11  Here, Plaintiff has not alleged any of the necessary elements of a claim for

12  reformation.

13  Plaintiff has not alleged fraud as the ground for reformation, because plaintiff has

14  not plead reasonable reliance on Hiscox's alleged misrepresentations regarding the

15  contract.  See Section V, above, and *Hadland v. NN Investors Life Ins. Co.*, supra, 24

16  Cal.App.4th 1578, 1589 (1994) (insured cannot reasonably rely upon the

17  representations of an insurer's employees or agents which are "patently at odds with the

18  express provisions of the written contract."); *Aetna Cas. & Sur. Co. v. Richmond*, supra,

19  76 Cal.App.3d 645, 652 (1977) ("receipt of the policy binds the insured as well as the

20  insurer and he cannot thereafter complaint that he did not . . . know its terms");

21  *Hackethal v. National Cas. Co., supra,* 189 Cal.App.3d 1102, 1106 (1987).  This failure

22  to allege reasonable reliance on Hiscox's alleged misrepresentations renders

23  reformation inadequate if based upon fraud.  *See* "Effect of Plaintiff's Negligence," 5

24  Witkin, Cal. Proc. 5th Plead § 817 (2008), citing *California Trust Co. v. Cohn*, 214 Cal.

25  619, 626 (1932); *Johnson v. Sun Realty Co.*, 138 Cal.App. 296, 301 (1934); *Abroms v.*

26  *New York Life Ins. Co.*, 53 Cal.App.2d 764, 771 (1942).

27  / / /

28  / / /

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

3799915v.2

Nor does Plaintiff allege a mutual mistake of the parties.  To the contrary, Plaintiff alleges that its understanding the Policy provided coverage for "the loss of services provided by . . . vendors" derived from the agent's "false representation to Plaintiff" concerning coverage.  (Complaint, Paras. 66 and 67.)  If Hiscox's alleged agent falsely represented coverage to Plaintiff, then Hiscox understood the Policy did not cover a loss of services by Plaintiff's vendors, and Plaintiff's mistake as to coverage was unilateral.

In addition, were the terms of the Policy reformed to cover the loss of illegally-obtained "location data" urged by Plaintiff, such a loss is uninsurable. (See above.)

## IX.   PLAINTIFF'S BUSINESS & PROFESSIONS CODE SECTION 17200 CLAIM FAILS TO, AND CANNOT, SPECIFY ANY "UNLAWFUL, UNFAIR, OR DECEPTIVE" CONDUCT BY HISCOX

The Complaint does not allege a violation of *Bus. & Prof. Code* §17200 because it does not alleged any statutory violation, or any "unfair," or deceptive conduct: "The California Supreme Court confirmed that the test for determining a violation of the unfair competition law is . . . a plaintiff may show that the acts or practices at issue are either *unlawful* or *unfair* or *deceptive*."  *Walker v. Countrywide Home Loans, Inc.,* 98 Cal.App.4th 1158, 1169 (2002).  This requires:

> "1.    Unlawful . . . A business practice is `unlawful' if it is `forbidden by law.  (Citation) . . .
>
> 2.    Unfair . . . an unfair business practice is one that `offends an established public policy . . .' (Citations)  . . .
>
> 3.    Deceptive . . . . To show that a business practice is deceptive, a plaintiff suing under the unfair competition law need only show that members of the public are likely to be deceived. (Citations)"

*Walker v. Countrywide Home Loans, Inc.,* supra, 98 Cal.App.4th at 1169.

However, the Complaint alleges none of the above.  In the Complaint, Plaintiff alleges: "Defendant, as alleged herein, has committed acts of unfair competition, as defined by California *Business & Professions Code* § 17200, et seq."  (Complaint, ¶¶ 71.)  The Complaint does not allege what statutes (unlawful prong) or policies (unfair

prong) that Hiscox allegedly violated.  Plaintiff should set forth exactly what statutes are allegedly violated, as required.  See *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163 (1999).

Further, the Complaint fails to allege any conduct by Hiscox which is "unfair" [i.e., "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"] or "deceptive" ["members of the public are likely to be deceived"], because the gravamen of the Complaint is that Hiscox failed to pay all policy benefits due for lost "business income" resulting from "loss of location data" and "loss of services." (Complaint, ¶¶ 30, 35, 36, 44, 53, 62, 65 and 66.)  However, because the Hiscox policy explicitly requires any lost "business income" to result from "direct physical loss", which is absent from the Complaint, Hiscox's failure to pay plaintiff's "business income" claim is not "unfair" or "deceptive."  See *Lavie v. Procter & Gamble, Co.*, 105 Cal.App.4th 496, 513 (2003) (no "unfair" business practice violation where reasonable consumer would not have been misled).  See also *Van Ness v. Blue Cross of Calif.*, 87 Cal.App.4th 364, 375 (2001) (the only thing an insured may "reasonably expect" is the coverage afforded by the plain language of the policy).

Thus, the Complaint alleges no statutory violation, or unfair or deceptive practices as required to support a claim under *Business & Professions Code* § 17200, et seq.

## X.   PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES BASED ON NEGLIENCE ALONE IS LEGALLY IMPROPER

A Rule 12(f) motion to strike lies to challenge a prayer that seeks damages *not recoverable as a matter of law.*  See *Susilo v. Wells Fargo Bank, N.A.,* 796 F.Supp.2d 1177, 1196 (CD Cal. 2011) (court may use Rule 12(f) to strike prayer for relief that is not available as a matter of law; *Tapley v. Lockwood Green Engineers, Inc.* 502 F.2d 559, 560 (8th Cir. 1974) (prayer for wrongful death damages that exceeded maximum permitted by statute).

In Paragraph 64 of the Complaint, Plaintiff seeks an award of punitive damage

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

based upon Plaintiff's cause of action for simple Negligence. (Complaint, ¶ 64.) However, a cause of action for Negligence cannot support punitive damages as a matter of law.   See *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal.App.3d 1149, 1154 (1986) ("The mere carelessness . . . of the defendant does not justify the imposition of punitive damages"); *Tomaselli v. Transamerica Ins. Co*., 25 Cal.App.4th 1269, 1288 (1994) ("The mere carelessness . . . of the defendant does not justify the imposition of punitive damages"); *Lackner v. North*, 135 Cal.App.4th 1188, 1210-11 (2006) (punitive damages are not even appropriate in cases where defendant was grossly negligent or otherwise exhibited reckless conduct); *Mock v. Michigan Mut. Ins. Co.,* 4 Cal.App.4th 306, 327 (1992) ("Something more than the mere commission of a tort is always required for punitive damages").   As such, Paragraph 64 should be stricken from the Complaint.

## XI.   **CONCLUSION**

For the reasons set forth above, Defendant Hiscox respectfully requests that the Court dismiss the Complaint, or alternatively dismiss any and all improper portions of Plaintiff's Complaint, or alternatively strike Plaintiff's prayer for punitive damages based on an ordinary negligence claim.


Dated:  December 7, 2020                  WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP


                                          By: */s/ David M. Morrow*
                                              James A. Stankowski
                                              Paul S. White
                                              David M. Morrow
                                              Attorneys for Defendant
                                              HISCOX INSURANCE COMPANY,
                                              INC.

23

**DEFENDANT HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS, AND/OR STRIKE PORTIONS OF, COMPLAINT**

3799915v.2